Case 2:23-cv-00282   Document 30   Filed on 02/26/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D PELKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00282 |
| | § | |
| OFFICER MIXON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff John D. Pelko ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff's case involves approximately $100 worth of his personal property which was either lost by correctional officers or stolen by other inmates while Plaintiff was an inmate at the Nueces County Jail. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Nueces County Jail who is proceeding *pro se* in this civil rights action. On October 31, 2023, the Court received Plaintiff's original complaint. After Plaintiff corrected certain deficiencies, the undersigned granted Plaintiff's application to proceed *in forma pauperis.* (D.E. 9). On January 9, 2024, Plaintiff appeared before the undersigned by video teleconference at a *Spears*[2] hearing at which Plaintiff was given the opportunity to explain his claims. By written order entered after the *Spears* hearing, the undersigned admonished Plaintiff regarding deficiencies in his complaint and warned Plaintiff his case was subject to dismissal. (D.E. 22). The undersigned cautioned Plaintiff his claims are subject to dismissal for:

1. Failure to allege sufficient facts to indicate any defendant is liable or responsible to Plaintiff;

2. Making conclusory allegations not supported by facts;

3. Failure to allege facts to indicate he suffered a deprivation of his rights due to more than mere negligence of the correctional officers;

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of a *Spears* hearing is to determine whether a prisoner alleging a constitutional deprivation should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). *Spears,* 766 F.2d at 181–82. The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.*

4. Failure to allege a plausible legal theory why any correctional officer defendant is liable to him;

5. Failure to allege facts or a plausible legal theory why Nueces County, Texas is liable to Plaintiff.[3]

6. Failure to pursue his property claims in state court;[4]

The undersigned also admonished Plaintiff that it was unlikely Plaintiff would be able to cure the deficiencies in the complaint and that he would have the filing fee collected from his inmate account even if this case is dismissed on screening. (D.E. 22). Further, the undersigned cautioned Plaintiff about the three strikes rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Therefore, the undersigned gave Plaintiff the option of either filing an amended complaint or voluntarily dismissing his case. (D.E. 22). Plaintiff was informed that if he voluntarily dismissed his case on or before January 23, 2024, the undersigned would cancel the order requiring the collection of the filing fee from his inmate account. (D.E. 22, pp. 3-4).

On February 4, 2024, the Court received Plaintiff's amended complaint. (D.E. 26). Plaintiff names the following defendants in his amended complaint: (1) Correctional Officer Mixon; (2) JET Team Officer Zapata; (3) Corporal Zapata; (4) Correctional Officer

---

[3] A municipality such as Nueces County will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from a municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).

[4] The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35. Texas law provides Plaintiff with possible post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement).

Zamora; (5) Nueces County Sheriff John C. Hooper; and (5) the Nueces County Jail.  Each of the correctional officer defendants works at the Nueces County Jail.  In making this recommendation, the undersigned has considered Plaintiff's amended complaint (D.E. 26) and Plaintiff's testimony at the *Spears* hearing.  (D.E. 24).

### III.     PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations arise in connection with his confinement as a pre-trial and post-trial detainee in the Nueces County Jail in Corpus Christi, Texas.  (D.E. 24, pp 15-18).  In early May 2023, Plaintiff was arrested and taken to the Nueces County Jail on a felony probation violator's warrant. (D.E. 24, p. 15).  In addition to the probation violation, Plaintiff was also charged in a new case with aggravated assault involving family violence, for which he has now been convicted and sentenced to a 20-year term of imprisonment.  (D.E. 24, p 18).

On May 11, 2023, and again on May 12, 2023, while an inmate at the Nueces County Jail, Plaintiff had two seizures which were related to a pre-existing condition.  After the first seizure, Plaintiff was taken to a local hospital for treatment.  Upon Plaintiff's return from the hospital, he noticed that his shower shoes and some of his personal hygiene items were missing from his belongings.  (D.E. 24, p. 22).  Plaintiff determined these items had been gathered by a correctional officer and placed in a plastic bag and delivered to the property officer.  (D.E. 24, p. 25).  However, Nueces County personnel were unable to locate Plaintiff's items on his return.  On May 12, 2023, Plaintiff had another seizure.  On this occasion, Plaintiff was treated by medical staff in the jail infirmary.  On Plaintiff's

return to his housing area, he found that two of his "totes" containing personal hygiene items and food were missing. (D.E. 24, p. 25). Regarding the second incident, Plaintiff is unsure whether his property was lost by correctional officers or stolen by other inmates. (D.E. 24, p. 27). Plaintiff estimates the value of the missing property from both incidents was approximately $60.00-$80.00.

Plaintiff names the correctional officers in this case as defendants because they are alleged to have been working in the area where Plaintiff was housed when his property was lost or stolen. (D.E. 24, p. 28). Plaintiff alleges these officers had an obligation under the 14th Amendment to take some action to safeguard his property. (D.E. 24, p. 28). Plaintiff names Sheriff Hooper as a defendant because he is responsible for overseeing the correctional officers. (D.E. 24, p. 31). Plaintiff names the Nueces County Jail as a defendant because there are certain standards and procedures that were not followed to safeguard his property. (D.E. 24, pp. 31-32). Plaintiff filed grievances in accordance with Nueces County Jail procedures, but Plaintiff has not filed a lawsuit in state court regarding the matters presented in the instant federal case. (D.E. 24, p. 29).

## IV. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis*

complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint,

taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

V. **ANALYSIS**

A. **Plaintiff's Property Claims**

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. – San Antonio 1978, no writ) (Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007.

Because Texas law provides an adequate post-deprivation remedy, Plaintiff's loss of his personal items possessed by him while he was an inmate at the Nueces County Jail does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (Noting that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent Plaintiff claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show the post-deprivation remedy is inadequate. *Myers,*, 97 F.3d at 94. Plaintiff testified he has not filed suit in state court pursuant related to his loss of property. Because Plaintiff has not pursued

his state court remedies he cannot allege that the post-deprivation remedy available to him is inadequate. As such, Plaintiff's claim for property loss fails to state a cognizable constitutional claim. Therefore, the understand recommends all of Plaintiff's claims against all Defendants be dismissed.

### B.    Plaintiff's Claims Against the Sheriff and Nueces County

Plaintiff names Sheriff John C. Hooper and the Nueces Count Jail as defendants. The Nueces County Jail is not an appropriate party because it does not "enjoy a separate legal existence" from Nueces County. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). Therefore, the undersigned has construed Plaintiff's claims against the Nueces County Jail as claims against Nueces County. Additionally, Plaintiff's claims against Sheriff Hooper could also be construed as claims against Nueces County. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Hogan v. Salazar*, No. SA-19-CV-00255-DAE, 2020 WL 13833089, at *3 (W.D. Tex. May 21, 2020).

As noted above, Plaintiff has not stated a plausible claim against any of the defendants for the loss of his property. Plaintiff's claims against Sheriff Hooper and Nueces County are subject to dismissal for additional reasons.

With regard to claims against Sheriff Hooper in his individual capacity, Plaintiff does not allege Sheriff Hooper had any personal involvement in the circumstances involving the loss or theft of Plaintiff's property. "Personal involvement is an essential

element of a civil rights cause of action." *Thompson,* 709 F.2d at 382. There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-44 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (The acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677). Plaintiff alleges nothing to suggest Sheriff Hooper had any personal involvement in the facts of this case.

Additionally, Plaintiff's' claims against Sheriff Hooper could also be considered claims against Nueces County and in doing so, Plaintiff fails to raise any viable claim. A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell*, 436 U.S. at 694. *See also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (Noting a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). In addition to failing to allege sufficient facts, Plaintiff has failed to allege any constitutionally infirm municipal custom or policy.

Therefore, the undersigned respectfully recommends that Plaintiff's deliberate indifference claims against Nueces County Sheriff John C. Hooper and Nueces County be dismissed with prejudice for failure to state a claim for relief.

### C. Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has liberally construed Plaintiff's pleadings to give his claims fair and meaningful consideration. Before entering this recommendation to dismiss, the undersigned warned Plaintiff of his pleading deficiencies and allowed Plaintiff to amend his pleadings. Plaintiff fully explained his claims to the undersigned during a *Spears* hearing and also filed an amended complaint. The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation,

Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Therefore, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## VI.   RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on February 26, 2024.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).